**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

# FILED

APR 1 3 2006

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re:

ROCKWELL BANKER,

    Debtor.

_____/

Case No. 6:04-bk-13029-ABB
Chapter 7

JUDY BARBER,

    Plaintiff,

vs.

ROCKWELL BANKER,

    Defendant.

_____/

Adv. Pro. No. 6:05-ap-00214-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Motion for Summary Judgment[1] filed by Judy Barber, the Plaintiff herein (the "Plaintiff"), against Rockwell Banker, the Defendant and Debtor herein (the "Debtor"). The Plaintiff seeks summary judgment on her Complaint[2] to have a debt in the amount of $147,636.87, plus interest and costs, deemed nondischargeable pursuant to 11 U.S.C. § 523. An evidentiary hearing was held on March 8, 2006. Counsel for the Plaintiff and the Debtor, *pro se*, appeared at the hearing. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing testimony and live argument, and being otherwise fully advised in the premises.

---

[1] Doc. Nos. 13, 19 (Plaintiff's supporting Affidavit).
[2] Doc. No. 1.

## FINDINGS OF FACT

The Plaintiff instituted divorce proceedings against the Debtor[3] in 1995 in the Superior Court of the State of California, in and for the County of San Diego, captioned Judy Barber v. Rockwell Banker AKA Mom'd Javad Ravanbakhsh, Case No. DN 87921. The California state court entered a Judgment of Nullity by default or no contest in favor of the Plaintiff and against the Debtor on September 21, 1995 (the "Judgment").[4] The Judgment sets forth the state court acquired jurisdiction of the Debtor on June 10, 1995 and the Debtor "was served with process."[5] The Debtor and the Plaintiff were "declared to be unmarried persons on the ground of fraud" upon the entry of the Judgment.[6] The Judgment awards $72,270.37, plus prejudgment interest of $3,509.47 and costs of suit, to the Plaintiff.

The Judgment contains an Attachment 3.G, which sets forth specific findings and conclusions made by the state court: (i) The Debtor "was personally served on June 10, 1995 with summons and petition for nullity of marriage or dissolution." (ii) "Judgment nullifying the marriage is hereby granted based on fraud by Respondent." (iii) "All of the personal property wrongfully taken by Respondent listed in Exhibit 'A' is confirmed to Petitioner as her separate property. In that Respondent wrongfully took the property in violation of the court order dated April 11, 1995 and has failed and refused to return the property . . . ." (iv) "Respondent fraudulently induced Petitioner to obtain an $18,000 Second Trust Deed loan and pay him those loan proceeds plus additional

---

[3] The Debtor is also known as "Mohammed Javad Ravanbakhsh" and "the Respondent" in the state court proceedings. The Plaintiff is referred to as "the Petitioner."

[4] Debtor's Exh. No. 4 (hereinafter "Judgment") at ¶ 3(c). The first page of the Judgment is a form and Paragraph 3(c) reads in its entirety: "Judgment of nullity be entered and the parties are declared to be unmarried persons on the ground of (*specify*): FRAUD." The form's direction "(specify)" was omitted above for readability purposes.

[5] Judgment at ¶ 2.

[6] Judgment at ¶ 3.c.

2

amounts . . . Respondent has not repaid any part of these loans." (v) "Respondent fraudulently induced Petitioner to let him sell her 1992 Honda Accord DX . . . Respondent purchased a 1988 Mercedes and a 1986 Jeep Comanche in which he put each title in his name alone. Respondent has since disposed of both vehicles and has wrongfully retained the proceeds." (vi) "Respondent fraudulently induced Petitioner to file a joint income tax return with him for 1994." (vii) "On or about April 10, 1995, without the knowledge or consent of [P]etitioner, Respondent wrongfully took $2,000.00 from Petitioner's checking account."[7]    It appears from attachments to the Debtor's Amended Motion to Deny Summary Judgment the Debtor attempted to appeal the Judgment and was unsuccessful.

The Debtor filed an individual Chapter 7 case on December 6, 2004 ("Petition Date"). The Debtor lists "American Bureau of Credit Control" as an unsecured creditor with a disputed claim of $142,087.20 relating to "Default judgment marriage desolution [*sic*] Judy Barber August 1995" in his original Schedule F.[8]   The Debtor received a discharge on April 1, 2005. The Plaintiff is the Debtor's largest creditor. The Debtor did not list the Plaintiff as a creditor in his schedules nor did he include her in his mailing matrix. The Plaintiff did not receive notice of the Debtor's bankruptcy case.

The Plaintiff, through counsel and without knowledge of the Debtor's bankruptcy case, filed two documents with the California state court on March 16, 2005 in connection with renewal of the Judgment: (1) a Memorandum of Costs After Judgment, Acknowledgement of Credit; and (2) Declaration of Accrued Interest and an Application for and Renewal of Judgment setting forth the outstanding amount owed by the Debtor on

---

[7] Judgment at ¶¶ B.4., B.5., B.6., B.7., and B.8. of Attachment 3.G.
[8] Main Case Doc. No. 1. The Debtor filed Amended Schedule F adding additional creditors, but did not list the Plaintiff.

the Judgment is $147,600.57, with accrued interest. Post-judgment interest runs on the Judgment at the rate of 10% per annum, with a per diem rate of $20.75. The California state court renewed the Judgment on or about April 20, 2005.[9] The Plaintiff did not know of the Debtor's bankruptcy filing at the time she sought renewal of the bankruptcy and learned of the bankruptcy after she filed the state court judgment renewal pleadings.[10]

The Debtor's bankruptcy case was reopened on July 20, 2005 to allow the Plaintiff to file a non-dischargeability complaint.[11]  The Plaintiff filed her Complaint against the Debtor contending the Judgment debt of $147,636.87, plus interest and costs (including a renewal fee of $36.30), is non-dischargeable. The Plaintiff contends the findings of fraud by the California state court in the Judgment establish the nondischargeability of the Judgment debt. The Plaintiff seeks summary judgment on the Complaint through her Motion for Summary Judgment.

The Debtor filed a series of responses to the Plaintiff's Complaint and Motion for Summary Judgment including: (i) Motion for Closing the Chapter 7 Case and for Sanctions Against the Plaintiff[12]; (ii) Motion to Discard Plaintiff's Non-Dischargeability Complaint of 8/19/05 and Her Motion for Summary Judgment for Contempt of Court and for Lack of Prosecution[13]; and (iii) Amended Motion to Deny Summary Judgment. [14] The Debtor contends the Judgment was overturned or nullified by a California state court, he was denied due process in the state court proceedings, and he fulfilled the requirements of the Judgment.    No evidence has been presented establishing the

---

[9] Doc. No. 19, Exhibit B.
[10] Main Case Doc. No. 18.
[11] Main Case Doc. No. 20.
[12] Doc. No. 11.
[13] Doc. No. 28.
[14] Doc. No. 29.

4

Judgment was overturned, the Debtor was denied due process, or he fulfilled or satisfied the requirements of the Judgment.

The fraud issue involved in the state court proceeding was identical to the fraud issue at stake in this adversary proceeding. The Judgment is based upon the finding of California common law fraud and makes express findings of fraud committed by the Debtor against the Plaintiff and/or her property. The elements of common law fraud in California are the same elements required for a finding of nondischargeability based upon fraud in bankruptcy. The Debtor had a full and fair opportunity to litigate the issues determined by the state court in the Judgment. The fraud issue was actually litigated in the state court proceeding. The state court's fraud determination was a critical and necessary part of the Judgment. The decision rendered by the state court was final and on the merits. The Debtor is the same party who was involved in the state court proceeding that resulted in the entry of the Judgment. The standard of proof the Plaintiff had to meet in the state court proceeding was at least as stringent as the standard of proof in this adversary proceeding. The Judgment has preclusive effect and prevents relitigation of the fraud issue. There are no genuine issues as to any material fact. The Plaintiff is entitled to a nondischargeability judgment as a matter of law.

## CONCLUSIONS OF LAW

The Plaintiff challenges the dischargeability of the Judgment debt of $147,636.87 (which includes accrued post-judgment interest) pursuant to 11 U.S.C. § 523. The Plaintiff does not reference or cite a specific subsection of 11 U.S.C. § 523 in her pleadings. She apparently is seeking nondischargeability of the Judgment debt pursuant

to 11 U.S.C. § 523(a)(2)(A) based upon the findings of fraud committed by the Debtor contained in the Judgment.

The Plaintiff seeks summary judgment on the Complaint through her Motion for Summary Judgment. Granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After a movant makes a properly supported summary judgment motion, the non-moving party must establish specific facts showing the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A court in determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

The Plaintiff contends the Judgment establishes the requisite fraud elements for nondischargeability pursuant to § 523(a)(2)(A) and the collateral estoppel doctrine precludes relitigation of the fraud issues determined by the California state court. Collateral estoppel, also referred to as issue preclusion, precludes relitigation of issues

tried and decided in prior judicial or administrative hearings where each party had a full and fair opportunity to litigate the issues decided. In re St. Laurent, 991 F.2d 672, 675 (11th Cir. 1993). Collateral estoppel principles apply to dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 285 n. 11, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991). Where a plaintiff seeks nondischargeability of a debt on the basis of fraud and presents a prior state court judgment to establish the fraud, the fraud for purposes of § 523(a)(2) "must be identical to that decided in the state court proceeding." In re St. Laurent, 991 F.2d at 676. The collateral estoppel law of the state that issued the prior judgment must be applied to determine whether the judgment has preclusive effect. Id.

California collateral estoppel law is the applicable law since the Judgment was issued by a California state court. California case law sets forth several threshold requirements that must be met for collateral estoppel to apply:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

DiRuzza v. County of Tehama, 323 F.3d 1147, 1152 (9th Cir. 2003) (quoting Lucido v. Superior Court, 795 P.2d 1223, 1225 (Cal. 1990). The party asserting collateral estoppel bears the burden of establishing these five requirements. In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001). The court, after all of the threshold requirements are met, must decide whether application of the doctrine would "further the policy interests underlying the doctrine." Id. at 1247.

### *First Prong:  Identical Issues*

The issue the Plaintiff seeks to have precluded from relitigation is fraud committed by the Debtor against the Plaintiff.  The Judgment is based upon findings of California common law fraud committed by the Debtor against the Plaintiff and/or her property.[15]  The elements a plaintiff must prove to establish a common law fraud claim pursuant to California law are:  (1) a false representation as to a material fact: (2) knowledge of the falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage.  Loe v. State Farm Ins. Co., Case No. 96-55553, 1997 U.S. App. LEXIS 25308, at *5 (9th Cir. September 17, 1997).

Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge pursuant to §727 does not discharge an individual from any debt:

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. §523(a)(2)(A) (2005).   Courts have required a plaintiff to establish the traditional elements of common law fraud for non-dischargeability pursuant to §523(a)(2)(A).  SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998); Petilla v. First Card National Bank, Case No. 96-17037, 1997 U.S. App. LEXIS 13848, at *3 (9th Cir. June 9, 1997) (recognizing that the requirements of § 523(a)(2)(A) "mirror the elements of common law fraud. . . .").  A plaintiff must prove: (i) the debtor made a false representation with the purpose and intent to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor

---

[15] The California Civil Code contains provisions relating to fraud and actual fraud (i.e. § 1572).  The Judgment makes no reference to California's statutory fraud provisions.

sustained a loss as a result of the misrepresentation. <u>SEC v. Bilzerian</u>. 153 F.3d at 1281:
<u>In re Johannessen</u>, 76 F.3d 347, 350 (11th Cir. 1996). The party objecting to the
dischargeability of a debt must prove each of the four elements of fraud by a
preponderance of the evidence. <u>Grogan v. Garner</u>. 498 U.S. at 291: Fed. R. Bankr. P.
4005 (2005): <u>In re Wiggins</u>, 205 B.R. 131. 134 (Bankr. M.D. Fla. 2000).

The elements of California common law fraud are virtually identical to the
elements of 11 U.S.C. § 523(a)(2)(A). Where the elements of state law fraud "closely
mirror" the elements of § 523(a)(2), they are sufficiently identical to meet the first prong.
<u>In re Laurent</u>, 991 F.2d at 676. The first threshold requirement for collateral estoppel to
apply pursuant to California law has been fulfilled.

### Second Prong: Actually Litigated

The Judgment was obtained by default against the Debtor on September 21. 1995.
California mandates two requirements when a party seeks to invoke collateral estoppel
based upon a default judgment. First. the party against whom judgment was entered must
have had a "full and fair opportunity to litigate the issues determined by the default
judgment." <u>In re Cantrell</u>. 269 B.R. 413. 419 (B.A.P. 9th Cir. 2001). "Accordingly. a
defaulting defendant will not be precluded from relitigating such issues unless the
defendant 'has been personally served with summons or has actual knowledge of the
existence of the litigation.'" <u>Id.</u> (quoting <u>Harmon</u>. 250 F.3d at 1247). Second, the court
in the prior action must have rendered an "express finding" on that issue, or where this
express finding requirement has been waived. <u>Id.</u> "The express finding requirement is
deemed waived where the court in the prior proceeding implicitly and necessarily decided
the issue." <u>Id.</u>

The Judgment states the Debtor was personally served with the summons and petition for nullity of marriage or dissolution. The Judgment sets forth the state court acquired jurisdiction of the Debtor on June 10. 1995. The Debtor had a full and fair opportunity to litigate the issues determined by the Judgment. He chose not to participate in the litigation. The state court rendered express findings on the issue of fraud. The Judgment unequivocally sets forth it is based on fraud: "Judgment nullifying the marriage is hereby granted based on fraud by Respondent." Judgment at ¶ A.2 of Attachment 3.G. The Judgment makes several express findings of wrongful and fraudulent acts by the Debtor. Judgment at ¶ 3.c. and ¶¶ B.4., B.5., B.6., B.7. and B.8 of Attachment 3.G. The fraud issue was actually litigated and the state court made express findings as to fraud committed by the Debtor. The Judgment is entitled to preclusive effect.

### Third, Fourth, and Fifth Prongs

The third prong requires that the issue involved in the current proceeding must have been "necessarily decided" in the former proceeding. The California courts require. to meet this prong, "that the issue not have been 'entirely unnecessary' to the judgment in the initial proceeding." Lucido v. Superior Court of Mendocino County, 795 P.2d 1223. 1226 (Cal. 1990). The Judgment makes specific findings as to at least five separate acts of fraud committed by the Debtor against the Plaintiff and/or her property. The Judgment sets forth it is based on fraud and awards monetary and other damages to the Plaintiff. The issue of fraud was not entirely unnecessary to the Judgment. The cornerstone issue underlying the Judgment is fraud committed by the Debtor.

The fourth prong requires that the decision in the former proceeding must be final and on the merits. The Judgment was rendered on the merits and is a final decision. No evidence has been presented establishing the Judgment was nullified, overturned, or satisfied. The renewal of the Judgment by the California Superior Court on April 20, 2005 establishes the Judgment is final, valid, and continues to be effective. The fourth prong has been met.

The fifth prong requires that the party against whom issue preclusion is sought must be the same as, or in privity with, the party to the former proceeding. The Judgment was rendered against the Debtor, who was referred to by the state court as the "Respondent." The Plaintiff seeks to invoke collateral estoppel against the Debtor in this proceeding to prevent relitigation of the state court fraud issues. The Debtor is the same party to the former proceeding in which the Judgment was entered. The fifth prong has been met.

### *Policy Considerations*

The final consideration in determining whether to apply the collateral estoppel doctrine pursuant to California state law is whether application of the doctrine would further the policy interests underlying the doctrine of collateral estoppel. The public policies underlying collateral estoppel are "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." Lucido, 795 P.2d at 1227. Application of collateral estoppel in this proceeding is appropriate. Precluding relitigation of the fraud issues determined by the California state court in the Judgment preserves the integrity of the judicial system, promotes judicial economy, and averts unnecessary litigation.

11

*Conclusion*

The Judgment, through its specific findings of fraud committed by the Debtor and its issuance on the basis of fraud, establishes the requisite elements for nondischargeability of the Judgment debt pursuant to 11 U.S.C. § 523(a)(2)(A). The Plaintiff has established each of the California state law threshold elements for application of collateral estoppel. Public policy supports application of collateral estoppel. Collateral estoppel precludes relitigation of the fraud issues decided by the California state court in the Judgment.

The Plaintiff has demonstrated the absence of a genuine issue of material fact. The Debtor has not established through an affirmative showing of evidence specific facts showing the existence of a genuine issue of fact for trial. The Plaintiff has established she is entitled to judgment as a matter of law. The Judgment debt shall be excepted from discharge. Judgment will be entered in favor of the Plaintiff.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Debtor's Motion for Closing the Chapter 7 Case and for Sanctions Against the Plaintiff, Motion to Discard Plaintiff's Non-Dischargeability Complaint of 8/19/05 and Her Motion for Summary Judgment for Contempt of Court and for Lack of Prosecution, and Amended Motion to Deny Summary Judgment are hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the Plaintiff's Motion for Summary Judgment is hereby **GRANTED**.

A separate judgment in favor of the Plaintiff and against the Debtor consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 13th day of April, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

13